<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY FINKLEY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CORNUCOPIA LOGISTICS, LLC,<br><br>　　Defendant. | No. 25cv16300 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Timothy Finkley brings this action against Defendant Cornucopia Logistics, LLC. D.E. 1 ("Compl." or "Complaint"). Plaintiff alleges that Defendant did not hire him, which has caused him severe emotional distress. *Id.* at 3. Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff has failed to adequately complete his IFP Application, the Court will **DENY** his IFP Application.

I.　BACKGROUND

For several months, Plaintiff has attempted to obtain employment with Defendant, which provides delivery services to Amazon customers. Compl. at 3. Plaintiff's friend works for Defendant and recommended Plaintiff apply for the same delivery position. *Id.* Plaintiff went through the application process—including submitting a resume and driver's license—and was interviewed by an employee at Defendant named Dan. *Id.* When Dan asked if Plaintiff and his friend were related, Plaintiff told him no. *Id.* On July 3, 2025, Plaintiff received a notification from Accurate Background stating he was ineligible to be hired. *Id.* Although it is not entirely clear to the Court, Plaintiff implies in his IFP Application that he has been convicted of an offense

within the last seven years, which might be the reason why he did not get hired. IFP Application at 5.

Plaintiff mentally prepared for this job, and as a result of not being hired, Plaintiff has suffered emotional distress and has felt anxious, frustrated, and humiliated by Defendant's allegedly discriminatory conduct. Compl. at 4. Plaintiff seeks $100,000 in monetary damages. *Id.*

## II.    ANALYSIS

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). To establish such need, a litigant must file in good faith an affidavit stating, among other things, that he or she is unable to pay the costs of the lawsuit. *See Owens v. Jeneby*, No. 24-11222, 2025 WL 1393205, at *1 (D.N.J. May 14, 2025). A plaintiff's failure to submit a completed financial affidavit renders an IFP application incomplete. *Id.* (citing *McKinney v. Garland*, No. 25-2210, 2025 WL 1180377, at *1 (D.N.J. Apr. 22, 2025)); *see also Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011). A court's decision to deny or grant an IFP application is within its sound discretion. *Owens*, 2025 WL 1393205, at *1 (citing *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010)).

Here, Plaintiff writes 0 in nearly every box of the IFP Application—indeed, both for his income and expenses. While the Court accepts Plaintiff's allegation that he cannot find work, the Court has concerns regarding the accuracy of Plaintiff's IFP Application given Plaintiff has stated he has zero expenses. District courts should only grant an IFP application "if convinced that [an affiant] is unable to pay the court costs and filing fees." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). Because the Court cannot properly determine Plaintiff's financial

status, and whether he is eligible to proceed IFP, the Court will **DENY** his IFP Application ***without prejudice***. *Rohn*, 415 F. App'x at 355. The Court will provide Plaintiff **30 days** to submit an amended IFP application.[1]

### III. CONCLUSION

Accordingly,

**IT IS**, on this **9th** day of October 2025,

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, but summons shall not issue; and it is further

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **DENIED** ***without prejudice***; and it is further

**ORDERED** that Plaintiff has **30 days** from the date of this Order to file an amended IFP Application that provides specific information concerning his assets and debts such that the Court can conclude whether he qualifies for IFP status; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing of a an amended IFP application. If Plaintiff fails to timely file an amended IFP application, the Complaint may be dismissed ***with prejudice*** under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.

---

[1] Because the Court did not grant Plaintiff IFP status, the Court will not screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).