**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TIMOTHY FINKLEY,<br>Plaintiff,<br>v.<br>CORNUCOPIA LOGISTICS, LLC,<br>Defendant. | No. 25cv16300 (EP)<br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Timothy Finkley brings this employment discrimination action against Defendant Cornucopia Logistics, LLC ("Cornucopia Logistics") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* D.E. 1 ("Complaint" or "Compl."). He alleges that Defendant unlawfully declined to hire him for a delivery driver position after a background check. *Id.* at 2–4.

Plaintiff filed the Complaint alongside an application to proceed *in forma pauperis* ("IFP") on October 6, 2025. D.E. 1-1. The Court denied that IFP application on October 9, 2025, because Plaintiff had not provided enough information for the Court to determine whether he qualified to proceed IFP. D.E. 3. Plaintiff thereafter submitted another IFP application and two requests to reopen the case. D.E. 4; D.E. 5; D.E. 6.

On November 13, 2025, the Court denied the second IFP application without prejudice because Plaintiff had not used the required form and the Court still could not determine whether he qualified to proceed IFP. D.E. 7. The Court explained that Plaintiff could reopen this matter by paying the $405 filing fee or by submitting a properly completed AO 239 application within 30

days. *Id.* The Court denied Plaintiff's requests to reopen on January 9, 2026, because Plaintiff had not paid the filing fee or submitted a properly completed IFP application within the time allowed. D.E. 9.

Now, several months later, Plaintiff has submitted a renewed AO 239 application. D.E. 10 ("Renewed IFP Application" or "Renewed IFP App."). The Court construes that filing as both a renewed IFP application and a request to reopen this matter for screening. Because the Renewed IFP Application establishes that Plaintiff cannot pay the filing fee without undue hardship, the Court will **GRANT** the Renewed IFP Application and **REOPEN** the case. As explained below, however, the Complaint will be **DISMISSED** ***without prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff identifies himself as a New Jersey resident and identifies Defendant as located in New York. Compl. at 1–3. He checks the box for federal question jurisdiction and identifies Title VII and the FCRA as the federal laws at issue. *Id.* at 2.

Plaintiff alleges that he had been trying to obtain employment with Cornucopia Logistics for several months. *Id.* According to Plaintiff, a friend named Rahim Green told him that Cornucopia Logistics was hiring and that he should contact a supervisor named Jarrel. *Id.* Plaintiff texted Jarrel to express interest in a driving position and told Jarrel that he had a valid driver's license. *Id.*

Plaintiff further alleges that, after he sent his resume, he did not receive a response. *Id.* A person named Dan later contacted him about the position, and Plaintiff confirmed that he was interested in working for Cornucopia Logistics as a truck driver. *Id.* Plaintiff states that he completed the application later that night. *Id.*

Plaintiff alleges that the relevant events occurred through electronic communications, including email and text messages. *Id.* at 3. Plaintiff states that, on July 3, 2025, he received a notification from Accurate Background stating that he was ineligible to provide delivery services to Amazon customers on behalf of Cornucopia Logistics. *Id.*

The Complaint does not include any allegations that Defendant identified any particular protected characteristic or made any statement concerning Plaintiff's race, color, religion, sex, or national origin. *Id.* at 3–4. It also does not identify Plaintiff's race, color, religion, sex, or national origin, nor does it contain facts concerning Defendant's treatment of other applicants differently because of any Title VII-protected characteristic. *Id.*

Plaintiff alleges that he suffered emotional distress, anxiety, humiliation, frustration, stress, lost employment opportunities, and financial harm. *Id.* at 4. He seeks $100,000 in monetary compensation and punitive damages. *Id.*

Attached to the Complaint is a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") for Charge No. 524-2025-02931. D.E. 1-2. The notice is dated August 11, 2025, and advises Plaintiff that any federal lawsuit based on the charge must be filed within 90 days of his receipt of the notice. *Id.* Plaintiff filed this action on October 6, 2025. *See* Dkt.

The Renewed IFP Application is signed under penalty of perjury and is on the AO 239 long form. Renewed IFP App. at 1–5. Plaintiff reports monthly employment income of $1,916 and states that he expects the same amount next month. *Id.* at 1. He reports no income from self-employment, real property, interest, gifts, alimony, child support, retirement, disability, unemployment, public assistance, or other sources. *Id.* at 1–2.

Plaintiff identifies the New Jersey Department of Transportation as his employer and lists a January 12, 2026, start date. *Id.* at 2. He reports no cash, no real property, no motor vehicles, no other assets, no money owed to him, and no dependents. *Id.* at 2–3.

Plaintiff itemizes monthly expenses including $1,400 for rent, $100 for utilities, $300 for food, $240 for transportation, $283 for motor vehicle insurance, and $500 for a motor vehicle installment payment. *Id.* at 4. He also lists health insurance of $40.75 per pay period. *Id.* Although Plaintiff wrote "none" on the total monthly income and total monthly expense lines, the itemized entries provide enough information for the Court to evaluate his financial condition. *Id.* at 1–5.

Finally, Plaintiff states that he has no extra funds to spare, but that he can commit to a payment plan. Renewed IFP App. at 5. He identifies his legal residence as Bloomfield, New Jersey, states that he is 53 years old, and lists a GED and one semester of college as his education. *Id.*

## II. LEGAL STANDARD

### A. Proceeding IFP

Under 28 U.S.C. § 1915(a)(1), a court may authorize a litigant to proceed without prepaying fees if the litigant submits a proper affidavit and establishes that he is unable to pay the costs of suit. *Walker v. People Express Airlines*, 886 F.2d 598, 601 (3d Cir. 1989). Although Section 1915 refers in part to prisoners, courts apply Section 1915(a)(1) to litigants who are not prisoners as well. *Hickson v. Mauro*, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (collecting cases).

The affidavit must be complete, made in good faith, and provide enough detail for the Court to evaluate the applicant's financial condition. *Atl. Cnty. Cent. Mun. Ct. v. Bey*, No. 24-105, 2024

WL 1256450, at *1 (D.N.J. Mar. 25, 2024). An incomplete financial affidavit does not satisfy Section 1915(a)(1). *Id.*; *Rohn v. Johnston,* 415 F. App'x 353, 354–55 (3d Cir. 2011). Whether to grant IFP status lies within the Court's discretion. *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010).

**B. Screening and Pleading**

Section 1915(e)(2) requires dismissal of a complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court may conduct that screening "at any time," regardless of whether it first grants or denies IFP status, and may evaluate the merits and the IFP application "in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 659–60 (3d Cir. 2019) (en banc).

The standard under Section 1915(e)(2)(B)(ii) is the same standard that governs a motion under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A complaint must contain enough factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts but does not accept legal labels, unsupported conclusions, or speculation as facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rule 8 separately requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff proceeds *pro se*, the Court construes his allegations liberally and applies the relevant legal principles even if he has not used the correct label. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Liberal construction, however, does not permit the Court to invent facts or a viable legal theory that the pleading does not supply. *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013). When a complaint screened under Section 1915(e)(2)(B)(ii) can be cured by

amendment, the Court generally affords leave to amend unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## III. ANALYSIS

### A. The Renewed IFP Application Will Be Granted

The Renewed IFP Application contains some internal inconsistencies, but it provides enough information for the Court to evaluate Plaintiff's financial condition. Renewed IFP App. at 1–5. Plaintiff reports $1,916 in monthly employment income and no other income. *Id.* at 1–2. He also reports no cash, no real property, no motor vehicles, no other assets, no money owed to him, and no dependents. *Id.* at 2–3.

Plaintiff's itemized expenses exceed his reported monthly employment income. *Id.* at 1, 4. Even without converting his $40.75 health insurance expense from a per pay period figure into a monthly amount, Plaintiff lists at least $2,823 in recurring monthly expenses. *Id.* at 4. Those expenses include rent, utilities, food, transportation, motor vehicle insurance, and a motor vehicle installment payment. *Id.*

The Court recognizes that Plaintiff wrote "none" on the total monthly income and total monthly expense lines. Renewed IFP App. at 2, 5. The Court treats those entries as errors in completing the form because they conflict with the more specific itemized income and expense entries on the same form. *Id.* at 1–5. The Court will not deny IFP status on that basis because the itemized information permits a reasonable assessment of Plaintiff's ability to pay. *Bey*, 2024 WL 1256450, at *1.

Based on the Renewed IFP Application as a whole, Plaintiff has shown that paying the filing fee would require him to sacrifice life's necessities. *Sinwell v. Shapp*, 536 F.2d 15, 19 n.14

(3d Cir. 1976). The Court will therefore **GRANT** the Renewed IFP Application and **REOPEN** the case for screening. 28 U.S.C. § 1915(a)(1).

**B. The Complaint Fails to State a Claim**

Liberally construing the Complaint, the Court understands Plaintiff to assert two federal claims: (1) employment discrimination under Title VII; and (2) violation of the FCRA based on the background check allegedly used in connection with Plaintiff's application. Compl. at 2–4. Neither claim is adequately pleaded. Because the defects may be curable, both claims will be **DISMISSED** ***without prejudice***. *Grayson*, 293 F.3d at 114.

*1. Title VII*

Title VII makes it unlawful for an employer to discriminate against an individual with respect to hiring, compensation, terms, conditions, or privileges of employment because of that individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, a plaintiff need not establish a prima facie case, but must allege enough facts to raise a reasonable expectation that discovery will reveal evidence that a protected characteristic was a motivating or determinative factor in an adverse employment action. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789–91 (3d Cir. 2016). However, conclusory assertions that an employer discriminated because of a protected characteristic are not entitled to a presumption of truth. *Id.* at 790–91.

Plaintiff alleges that Defendant did not hire him after a background check. Compl. at 3–4. He also uses the word "discriminatory" and states that he was denied the opportunity to work because of an employer's "blanket policy." *Id.* at 4. This is not enough. The Complaint contains no allegations that identify Plaintiff's race, color, religion, sex, or national origin. *Id.* at 1–4. Nor does Plaintiff plead that any decisionmaker referred to any such characteristic, that similarly

situated applicants outside Plaintiff's protected class were treated more favorably, or that any other facts connect the hiring decision to a Title VII-protected characteristic. *Id.*

Those omissions are fatal to Plaintiff's disparate treatment claim. A plaintiff's assertion that an employment decision was discriminatory is a legal conclusion unless the pleading supplies facts making discrimination plausible. *Connelly*, 809 F.3d at 790–91. Plaintiff alleges unfairness resulting from a background check decision, but he does not allege facts showing that Defendant acted because of race, color, religion, sex, or national origin. Compl. at 3–4; 42 U.S.C. § 2000e-2(a)(1).

Plaintiff also does not state a disparate impact claim under Title VII. Title VII permits a plaintiff to challenge a facially neutral employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and is not job-related and consistent with business necessity. 42 U.S.C. § 2000e-2(k)(1)(A). Criminal background policies may, in an appropriate case, be challenged under a disparate impact theory. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 235–39 (3d Cir. 2007).

Critically, Plaintiff does not identify any protected class that was disproportionately affected by Defendant's alleged policy. Compl. at 3–4. He does not allege facts about the policy's content, the group affected by it, or the basis for inferring that the policy caused a disparate impact on a Title VII-protected group. *Id.* A blanket background check policy, standing alone, is not a Title VII violation. 42 U.S.C. § 2000e-2(k)(1)(A); *El*, 479 F.3d at 235–39.

Plaintiff's Title VII claim will therefore be **DISMISSED *without prejudice*** under Section 1915(e)(2)(B)(ii). If Plaintiff chooses to amend, he must plead facts identifying the protected characteristic at issue and explaining how Defendant's conduct was discriminatory because of that protected characteristic. If Plaintiff intends to assert a disparate impact claim, he must identify the

challenged employment practice and allege facts showing that the practice disproportionately affected a protected group.

*2. FCRA*

The FCRA regulates the procurement and use of consumer reports, including consumer reports used for employment purposes. 15 U.S.C. § 1681b. A consumer report may include a communication bearing on a consumer's character, general reputation, personal characteristics, or mode of living when used or expected to be used for employment purposes. 15 U.S.C. § 1681a(d)(1). A denial of employment based in whole or in part on a consumer report is an adverse action. 15 U.S.C. § 1681a(k)(1)(B)(ii).

For employment-related consumer reports, the FCRA imposes several procedural requirements. An employer generally must provide a clear and conspicuous written disclosure and obtain written authorization before procuring a consumer report for employment purposes. 15 U.S.C. § 1681b(b)(2)(A). Before taking adverse action based in whole or in part on the report, an employer generally must provide the applicant with a copy of the report and a written description of the applicant's FCRA rights. 15 U.S.C. § 1681b(b)(3)(A). The Third Circuit has recognized an actionable claim when a prospective employer takes adverse action without first providing the required report. *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 319–27 (3d Cir. 2018).

Plaintiff alleges that he received a notification from Accurate Background stating that he was ineligible to provide delivery services to Amazon customers on Defendant's behalf. Compl. at 3. That allegation supplies a factual connection to an employment-related background check. *Id.* But Plaintiff does not identify any FCRA duty that Defendant violated. *Id.* at 2–4.

Plaintiff does not allege that Defendant procured a consumer report without the required disclosure or authorization. Compl. at 2–4; 15 U.S.C. § 1681b(b)(2)(A). Nor does he allege that

Defendant took adverse action without first providing Plaintiff a copy of the report and a written description of his FCRA rights. Compl. at 2–4; 15 U.S.C. § 1681b(b)(3)(A). He also does not allege that the report was inaccurate, that Defendant lacked a permissible purpose, or that Defendant failed to comply with any other specific FCRA requirement. Compl. at 2–4.

The bare fact that a background check affected Plaintiff's eligibility for a job is not itself an FCRA violation. 15 U.S.C. § 1681b. The FCRA regulates how consumer reports are obtained and used, but Plaintiff must still plead facts showing that Defendant violated a specific statutory duty. *Id.* Plaintiff's conclusory citation to the FCRA does not satisfy Rule 8 or Section 1915(e)(2)(B)(ii). *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57.

Plaintiff's FCRA claim will therefore be **DISMISSED *without prejudice***. If Plaintiff chooses to amend, he must identify the specific FCRA requirement that Defendant allegedly violated and plead facts showing what Defendant did or failed to do that violated that requirement.

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS** on this 26th day of August, 2026,

**ORDERED** that Plaintiff's Renewed IFP Application, D.E. 10, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **REOPEN** this action for purposes of this Memorandum Order; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED *without prejudice*** under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that within **30 days** of entry of this Order, Plaintiff may file an amended complaint that complies with this Order; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, the Clerk of Court shall **REOPEN** this action for further review; and it is further

**ORDERED** that the Clerk of Court shall not issue a summons unless and until the Court screens an amended complaint and directs service; and it is finally

**ORDERED** that the Clerk of Court shall mail Plaintiff a copy of this Memorandum Order by regular mail.

Evelyn Padin, U.S.D.J.